IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GERARDO GOMEZ JIMENEZ                                                              PLAINTIFF

v.                          Civil No. 13-5161

DEPUTY D. LONG                                                                      DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before me on a motion to dismiss (Doc. 10) filed by the Defendant. Plaintiff has not responded to the motion. The motion is ready for decision.

### 1. Background

According to the allegations of the complaint, Plaintiff had been at the hospital and was being transported back to the Washington County Detention Center (WCDC) by Deputy Long. Plaintiff states he was taken to an isolation cell by Long. Long then pushed the Plaintiff down and kicked him.

Plaintiff indicates he did not submit a grievance regarding the facts relating to this complaint. (Doc. 1 at III(A)). He states he did not know he could submit a grievance. *Id.* at III(C).

### 2. Discussion

Defendant argues he is entitled to the dismissal of this case because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Specifically, Defendant points out that Plaintiff states on page three of the complaint that he has not exhausted the grievance procedure. (Doc. 1 at pg. 2 ¶ III(A)).

AO72A
(Rev. 8/82)

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). The exhaustion requirement applies to "all inmate suits about prison life." *Porter*, 534 U.S. at 532. This is true whether the claims "involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

"Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." *Chelette v. Harris*, 229 F.3d

-2-

684, 688 (8th Cir. 2000). The Eighth Circuit stated that: "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for we are not free to engraft upon the statute an exception that Congress did not place there." *Id.* (internal quotation marks and citation omitted).

Plaintiff's "lack of knowledge of the applicable law cannot circumvent the PLRA exhaustion requirement." *Hontz v. Berks County Prison*, 2014 WL 1123376 (E.D. Penn. March 21, 2014). *See also Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007)("A prisoner's lack of awareness of a grievance procedure, however, does not excuse compliance"). Plaintiff failed to comply with the mandatory exhaustion requirement.

### 4. Conclusion

For the reasons stated, the Defendant's motion to dismiss (Doc. 10) should be granted and this case dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE